SUPREME COURT.   New York, November Term, 1861.   *Clerke.*
Sutherland* and *Ingraham*, Justices.

FREDERICK FREUND, plaintiff in error, *v.* THE PEOPLE, defendants in error.

Under an indictment for arson in the first degree, a prisoner may be convicted of arson in the third degree, when he is proved to have set on fire a house, as well as the goods in it, for the purpose of prejudicing the insurer.

On the trial of such a charge, evidence that the prisoner had procured an insurance is competent for the purpose of showing motive.

Where the certificate of an insurance company had been introduced on the trial, for the purpose of showing that the prisoner had effected an insurance on the property, and the only objection made to it was that evidence of the fact sought to be proved was not admissible under an indictment for arson in the first degree, *Held,* that no error had been committed by receiving the paper in evidence.

And where the execution of such a certificate had been duly proved, it was held not erroneous to permit also to be read in evidence a policy of insurance annexed to the certificate, and referred to in it, without proof of the execution of the policy, it appearing that no injury could possibly have resulted to the prisoner from its being put in evidence, the motive for the firing having been already abundantly proved.

THIS was a writ of error to the Court of General Sessions of the city and county of New York, in which court the prisoner had been convicted of arson in the third degree, under an indictment charging arson in the first degree.

The questions raised on the trial sufficiently appear in the opinion of the court.

*H. Morrison,* for the plaintiff in error.

*N. J. Waterbury* (District Attorney), for the defendants in error.

*By the Court,* CLERKE, P. J.   The decision of the Court of Appeals in *Dedieu* v. *The People* (22 *N. Y. R.,* 178), has no application to the case before us.   In that case it was decided that, under an indictment charging arson only in the first degree, the prisoner cannot be convicted of the third degree of arson, when the proof shows that he merely burned goods with intent to defraud the insurer.   In this case, the proof shows that the house itself was set on fire, not merely the

goods; and the only resemblance between the two cases is that the object of the perpetrator of the act in each was to defraud an insurer.

II. Evidence that the prisoner had insured was properly allowed, as showing the intent, which can never, in such cases, be as satisfactorily inferred from the mere act itself as from other circumstances additional to the act.

III. The certificate of the Rutger's Insurance Company was proved sufficiently by the secretary of the company; the counsel for the prisoner made no specific objection to it, only that it was inadmissible under the indictment for arson in the first degree. He did not object at the trial, as he did in the argument before us, that there was an absence of any proof that the certificate had ever been in the possession of the prisoner, or its existence known to him. With regard to the policy of the Wall street Fire Insurance Company, which was annexed to the certificate, the objection taken was, that its execution had not been specifically proved. This would seem to be the most plausible objection in relation to the admissibility of these papers; but we cannot tell from what appears in the bill of exceptions, whether it was a distinct and separate instrument, requiring additional proof of its execution, or whether it was merely referred to in the certificate, and constituting a part of it. At all events, the latter was the contract of insurance, upon which it may be well supposed that the assured relied; and proof of that alone was sufficient to justify the jury in inferring the criminal intent. They, no doubt, would have inferred it, whether the original policy had or had not been introduced. The prisoner could not, therefore, have been possibly injured, even if proof of its execution, as an independent document, was necessary. But as it was annexed to the certificate, and was referred to by that instrument, the execution of which was sufficiently proved, further proof of the execution of the policy does not appear to have been necessary.

The other exceptions are all clearly untenable.

The judgment should be affirmed.